Ted A. Martin, OSB# 933548
PO Box 56176
Portland, Oregon 97238
360-852-7111
redside666@outlook.com
    Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Steven B. Long** and **Martin H. Stanwood**, <br><br> Plaintiffs, <br><br> v. <br><br> **Merrick Garland,** Attorney General of the United States, **Steven Dettelbach**, Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and **United States of America**, <br><br> Defendants. | No. <br><br><br> COMPLAINT--Civil Rights |

**COMPLAINT**

COMES NOW Plaintiffs Steven B. Long and Martin H. Stanwood, by and through their attorney, Ted A. Martin, and allege and complain as follows:

**INTRODUCTION**

1.    This is an action to uphold Plaintiffs' rights to keep and bear arms under the Second Amendment to the United States Constitution, which "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the

1--COMPLAINT

right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. Additionally or alternatively, this action seeks to uphold Plaintiffs' rights to Due Process under the Fifth Amendment to the U.S. Constitution.

3.. The failure or refusal of this Court to entertain the present action would deny Plaintiff's their First Amendment right to Petition for Redress of Grievance.

4. Each Plaintiff was once upon a time convicted of a single non-violent felony. At the time of their convictions an individual could apply under 18 U.S.C. § 925(c) to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) to restore their firearms rights. As to these Plaintiffs, 18 U.S.C. § 925(c) contained a liberty interest worthy of protection under the Due Process Clause of the Fifth Amendment to the Constitution.

5. Plaintiffs long ago successfully completed the judicially imposed punishments for their crimes.

6. After Plaintiffs' convictions, Congress in 1992 began failing or refusing to fund the ATF application process for individuals to restore their firearms rights. Yet Congress has all along funded the application process for Corporate felons. This failure or refusal to fund processing the applications of individuals continues to this day.

7. Defendants refuse to accept and investigate 18 U.S.C. § 925(c) applications from individuals, including Plaintiffs, for the restoration of their Second Amendment firearms rights.

///

///

2--COMPLAINT

8.      Defendants are prohibiting a particular class of persons, including Plaintiffs, from obtaining, possessing, bearing, and using firearms and ammunition, and/or from making application to restore such rights.

9.      Individuals, such as Plaintiffs, who have such a conviction have been effectively stripped of their Second Amendment right to Keep and Bear Arms or from applying for the restoration of such right, which in itself, infringes on their Second Amendment rights and/or their Fifth Amendment Due Process rights.

10.     Individual felons whose convictions predate Congressional defunding, such as Plaintiffs, are not afforded any means to demonstrate their fitness to restore their rights to obtain, possess, bear, or use firearms for the defense of hearth and home, except through a Court challenge.

11.     The current prohibition on Plaintiffs obtaining, possessing, bearing, or using firearms or from applying for the restoration of such rights as a result of a singular ancient non-violent felony conviction infringes upon their rights to Keep and Bear Arms and/or to Due Process.

12.     Numerous mentally sound, stable, trustworthy individuals, such as Plaintiffs, are arbitrarily denied their right to keep and bear arms in defense of their home as a result of a singular ancient non-violent felony conviction regardless of their particular circumstances.

13.     Plaintiffs have incurred attorney fees and costs as a result of prosecuting the present court action.

///

3--COMPLAINT

## JURISDICTION AND VENUE

14. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America. This action seeks relief pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, 2412, and 5 U.S.C. § 702. Therefore, jurisdiction is founded on 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

15. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the District of Oregon.

## PARTIES

17. Plaintiff Steven Long is an individual convicted felon, having pled guilty October 10, 1990, to importing a listed precursor substance in violation of 21 U.S.C. §960(d) (2). Long was sentenced to ten years imprisonment, followed by three years supervised release. CR90-081-TSZ, USDC, W. D Washington. In the intervening 30-some years Long has since had no adverse police contact outside of traffic citations.

18. Plaintiff Martin Stanwood is an individual convicted felon, having pled guilty November 25, 1991, to manufacturing marijuana in violation of 21 U.S.C. §841(a) (1). Stanwood was sentenced to 78 months imprisonment. CR91-279-JO, USDC, D. Oregon. Stanwood has since had no adverse police contact outside of traffic citations.

///

19. Both Plaintiffs:

    a. Are United States citizens;

    b. Are over the age of 21;

    c. Are not under indictment;

    d. Have never been convicted of any person felony or crime of domestic violence;

    e. Have only once been convicted of a crime punishable by more than one (1) year;

    f. Are not fugitives from justice;

    g. Are not an unlawful users of, or addicted to, any controlled substance;

    h. Have not been adjudicated as mentally defective or been committed to a mental institution;

    i. Are both military Veterans having served honorably in the Armed Forces of the United States of America;

    j. Have not been discharged from the Armed Forces under dishonorable conditions; and, they have never renounced their citizenship;

    k. Are not the subject of a restraining order relating to an intimate partner.

20. Plaintiffs presently intend and desire to purchase and possess handguns and long guns for self-defense within their homes. As Plaintiffs labor under a federal firearms and ammunition disability, they are prevented from doing so solely by Defendants' enforcement of the policies complained of in this action.

21. Defendant Merrick Garland, ("Attorney General" or "Garland") is being sued in his official capacity as the Attorney General of the United States. As Attorney General, Defendant Garland is responsible for executing and administering the laws, regulations, practices, and policies of the United States. He presently enforces the laws,

5--COMPLAINT

regulations, customs, practices, and policies complained of in this action. As Attorney General, Defendant Garland is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, an arm of the Department of Justice.

22. Defendant Steven Dettelbach ("ATF Director" or "Dettelbach") is being sued in his official capacity as Acting Director of the ATF. ATF is responsible for regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce. As Acting Director of ATF, Dettelbach is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States. He presently enforces the laws, regulations, customs, practices, and policies complained of in this action.

23. Defendant United States of America ("United States") is a proper party in this action pursuant to 5 U.S.C. § 702.

## COUNT I: SECOND AMENDMENT AND/OR DUE PROCESS VIOLATIONS

24. Plaintiffs reallege paragraphs 1 through 23.

25. Defendants' custom, practice, and policy of prohibiting these Plaintiffs from demonstrating their fitness to Keep and Bear Arms is an impermissible burden on their rights under the Second Amendment of the U.S. Constitution and/or a deprivation of a liberty interest without Due Process in violation of the Fifth Amendment of the U.S. Constitution.

## COUNT 2: BILL OF ATTAINDER

26. Plaintiffs reallege paragraphs 1 through 23.

27. Plaintiffs challenge the constitutionality of Congress's appropriation provisions in H.R.4505 - Commerce, Justice, Science, and Related Agencies Appropriations Act, Public Law 117 – 103 (March 15, 2022) (136 Stat 118-19), specifically where Congress continued to eliminate funding for ATF to investigate and act upon applications by individuals for relief from federal firearms disabilities under 18 U.S.C. § 925(c), while making funds available to investigate and act upon applications by corporations for relief from federal firearms disabilities under section 925(c).

28. ATF will not accept an individual's application for relief from federal firearms disabilities but will accept and investigate an application submitted by a corporation.

29. This scheme subjects Plaintiffs to additional non-judicial punishment not based on any new criminal conduct or conviction.

30. The law thus inflicts punishment on an identifiable group who would otherwise have judicial protections and is a Bill of Attainder prohibited by Article 1, Section 9 of the U.S. Constitution.

## COUNT 3: EX POST FACTO LAW

31. Plaintiffs reallege paragraphs 1 through 23 and 27 through 30.

32. The complained-of scheme increases the criminal punishment of Plaintiffs retroactively and is an Ex Post Facto law prohibited by Article 1, Section 9 of the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request judgment against Defendants:

a) Declaring that 18 U.S.C. § 922(g)(1), its derivative regulations, and related

laws, policies, and procedures, as applied, violate Plaintiffs' rights to Keep and Bear Arms as guaranteed by the Second Amendment to the United States Constitution;

    b) Declaring that the defunding of 18 U.S.C. § 925(c) applications by individuals deprives Plaintiffs of a liberty interest without Due Process in violation of the Fifth Amendment to the Constitution.

    c) Enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiffs 18 U.S.C. § 922(g)(1) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiffs' exercise of their right to Keep and Bear Arms;

    d) Allowing Plaintiffs to apply to ATF for restoration of their Second Amendment rights and compel ATF to process such applications;

    e) Awarding Plaintiffs' their costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a; and

    f) Granting any and all other appropriate remedies.

DATED THIS __14th__ DAY OF MAY, 2023.

                                        <u>/s/ Ted A. Martin</u>
                                        Attorney for Plaintiffs
                                        Ted A. Martin, OSB# 933548
                                        PO Box 56176
                                        Portland, Oregon 97238
                                        360-852-7111
                                        redside666@outlook.com

8--COMPLAINT