IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN B. LONG** and **MARTIN H. STANWOOD**,<br><br>        Plaintiffs,<br><br>        v.<br><br>**MERRICK GARLAND,** Attorney General of the United States, **STEVEN DETTELBACH**, Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosive, and **UNITED STATES OF AMERICA**,<br><br>        Defendants. | Case No. 3:23-cv-710-YY<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS SUPPLEMENTED** |

Ted A. Martin, Attorney at Law, P.O. Box 56176, Portland, OR 97238. Attorney for Plaintiffs.

Natalie K. Wight, United States Attorney, District of Oregon, and Patrick J. Conti, Assistant United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

      On August 16, 2023, Magistrate Judge Youlee Yim You issued her Findings and Recommendations ("F&R"). ECF 11. The F&R recommends that Defendants' Motion to Dismiss, ECF 7, should be granted and that this case should be dismissed due to lack of subject matter jurisdiction. No party filed objections.

PAGE 1 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**DISCUSSION**

This Court accepts Judge You's conclusion that this Court lacks jurisdiction over Plaintiffs' claims. Plaintiffs are barred from possessing firearms under Oregon law. ECF 11 at 3; *see also* O.R.S. § 166.250(1)(c)(C). Because Plaintiffs injuries would therefore not be redressed by a favorable decision in this case, Plaintiffs lack standing.

Even on the merits, Defendant's motion should be denied. In *District of Columbia v. Heller*, the Supreme Court concluded that the Second Amendment protects the individual right to bear arms. 554 U.S. 570, 625 (2008). However, the Court counseled that this right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . ." which the Court described as "presumptively lawful." *Id.* at 626, 627, n. 26.

Recently, the Supreme Court held that the proper test for whether a regulation violates the Second Amendment is as follows: "When the Second Amendment's plain text covers an

PAGE 2 – ORDER

individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2129–30 (2022). Although *Bruen* announced a new test for assessing the constitutionality of regulations in the context of the Second Amendment, the majority stated that its holding is "in keeping with *Heller*." *Id.* at 2126. This Court therefore finds that *Bruen* does not overrule *Heller*'s statement that Section 922(g)(1)'s limitations on possession of firearms by felons is presumptively constitutional.

Even before *Bruen*, the Ninth Circuit examined the historical tradition of gun regulation to conclude that Section 922(g)(1) is consistent with the Second Amendment. *See United States v. Vongxay*, 594 F.3d 1111, 1116–18 (9th Cir. 2010). This Court finds that *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay*. Accordingly, these cases are not overruled by *Bruen*, and this Court is bound by that precedent.

Further, since *Bruen*, numerous courts in the Ninth Circuit have rejected challenges by criminal defendants to the constitutionality of Section 922(g)(1). *See, e.g.*, *United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037 (D. Mont. Oct. 31, 2022); *United States v. Carleson*, No. 3:22-CR-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *United States v. Siddoway*, No. 1:21-CR-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Hill*, No. 21CR107 WQH, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *see also Butts*, No. CR 22-33-M-DWM at *4 n. 4 (collecting cases). In keeping with these decisions, this Court finds that the prohibition on the possession of firearms by felons found in Section 922(g)(1) does not violate the Second Amendment.

## CONCLUSION

No party having filed objections, this Court has reviewed the F&R and accepts Judge You's conclusions. Judge You's F&R, ECF 11, is adopted as supplemented in this Order. Defendants' Motion to Dismiss, ECF 7, is GRANTED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 31st day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge